## CARRIERS—COMMERCE—RAILWAYS.

[Greene (2nd) Circuit Court, January, 1912.]

Dustin, Allread and Ferneding, JJ.

*P. C., C. & St. L. Ry. v. George W. Sheets.

1. **Membership in Voluntary Relief Department of Railway Engaged in Interstate Commerce and Receipt of Benefits for Injuries in Such Employment not Defense to Action for Personal Injuries.**

   Membership by an employe in the voluntary relief department of a railway engaged in interstate commerce, and the receipt by

---

*Affirmed, no op., Pittsburgh, C. C. & St. L. Ry. v. Sheets, 87 O. S. 476.

41 O. C. C. Vol. 34.

Greene County Circuit.

him of benefits from such department on account of injuries received in the course of his employment, is not a defense to an action against the company by such employe for recovery of damages on account of injuries so received.

2. **Federal Law Voiding Contracts Exempting Carriers from Liability Controls as to Injuries and Benefits Paid Subsequent to Passage.**

Where both the cause of action and the receipt of benefits occurred after the enactment of the federal law, making void any contract, regulation or device having as its purpose the enabling of any common carrier to exempt itself from liability on account of injuries sustained by employes, the federal law controls as to such receipt of benefits. **P., C. C. & St. L. Ry. v. Cox,** 55 Ohio St. 497, distinguished.

3. **State Workmen's Compensation Act does not Prevent Recovery under Federal Law by Interstate Commerce Railway Employes.**

The Ohio workmen's compensation act does not prevent recovery under the federal law for injuries received by employes of railways engaged in interstate commerce.

4. **Ohio Rule as to Notice of Defect as Proximate Cause of Injury Applicable to Accident under Federal Law.**

Section 9015, G. C., which shifts the burden of proof upon a defendant railway company as to notice to the company of the defect alleged to have been the proximate cause of the injury complained of, is a mere rule of evidence, and is applicable to an accident under the federal law notwithstanding the cause of action arose in another state.

5. **Verdict of $30,000 Held Grossly Excessive.**

The plaintiff below, a railway brakeman, was jolted from the ladder of a freight car and lost both legs by being run over by the car following. The defect complained of was that the sill of the car, used by brakemen as a step below the last rung of the ladder, had been dented on one side from two to three and one-half inches by a heavy blow and the toe hold reduced by that amount. Verdict was returned in the common pleas in the sum of $30,000. The trial judge granted a remittitur of $7,500.

**Held:** The defect complained of was, in the opinon of a majority of the court, the proximate cause of the injury, but the amount of the recovery was grossly excessive, and a further remittitur of $8,500 is allowed, making the judgment as entered $14,000.

ERROR to common pleas court.

*E. P. Matthews,* for plaintiff in error.

*Charles Darlington* and *Marcus Shoup,* for defendant in error:

The Federal Employers' Liability act of 1908, and Sec. 5 thereof applies and is constitutional, *Pittsburgh, C. C. & St. L.*

Railway v. Sheets.

*Ry.* v. *Cox,* 55 Ohio St. 497 [45 N. E. Rep. 641; 35 L. R. A. 507] ; *Chicago, B. & Q. Ry.* v. *McGuire,* 219 U. S. 549 [31 Sup. Ct. Rep. 259; 55 L. Ed. 328] ; *Mondou* v. *Railway,* 223 U. S. 1 [38 L. R. A. (N. S.) 44; 56 L. Ed. 327] ; *Philadelphia, B. & W. Ry.* v. *Schubert,* 224 U. S. 603 [56 L. Ed. 911] ; *McCulloch* v. *Maryland,* 17 U. S.(4 Wheat.)316 [4 Ed. 579] ; *Smith* v. *Alabama,* 124 U. S. 465 [8 Sup. Ct. Rep. 564; 31 L. Ed. 508] ; *Sherlock* v. *Alling,* 93 U. S. 99 [23 L. Ed. 819] ; *Nashville, C. & St. L. Ry.* v. *Alabama,* 128 U. S. 96 [9 Sup. Ct. Rep. 28; 32 L. Ed. 352] ; *Reid* v. *Colorado,* 187 U. S. 137 [23 Sup. Ct. Rep. 92; 47 L. Ed. 116] ; *Rodd* v. *Heartt,* 88 U. S. (21 Wall.) 558 [22 L. Ed. 654] ; *Gloucester Ferry Co.* v. *Pennsylvania,* 114 U. S. 196 [5 Sup. Ct. Rep. 826; 29 L. Ed. 159] ; *Gulf C. & S. F. Ry.* v. *Hefley,* 158 U. S. 98 [15 Sup. Ct. Rep. 802; 39 L. Ed. 910] ; *Southern Ry.* v. *Reid,* 222 U. S. 424 [17 Ann. Cas. 247; 56 L Ed. 253] ; *Northern P. Ry.* v. *Washington,* 222 U. S. 370 [56 L. Ed. 237] ; *Claflin* v. *Houseman,* 93 U. S. 130 [23 L. Ed. 833] ; *Detroit, T. & I. Ry.* v. *State,* 82 Ohio St. 60 [91 N. E. Rep. 869; 137 Am. St. Rep. 758].

Liberty of contract, *Chicago, B. & Q. Ry.* v. *McGuire,* 219 U. S. 549 [31 Sup. Ct. Rep. 259; 55 L. Ed. 328] ; *Atlantic Coast Line Ry.* v. *Riverside Mills,* 219 U. S. 186 [31 Sup. Ct. Rep. 164; 55 L. Ed. 167; 31 L. R. A. (N. S.) 7n] ; *Baltimore & O. Ry.* v. *Commerce Comrs.* 221 U. S. 612 [31 Sup. Ct. Rep. 621; 55 L. Ed. 878] ; *Crowley* v. *Christensen,* 137 U. S. 86 [11 Sup. Ct. Rep. 13; 34 L. Ed. 620] ; *Jacobson* v. *Massachusetts,* 197 U. S. 11 [25 Sup. Ct. Rep. 358; 49 L. Ed. 643] ; *Frisbie* v. *United States,* 157 U. S. 160 [15 Sup. Ct. Rep. 586; 39 L. Ed. 657] ; *Addyston Pipe & Steel Co.* v. *United States,* 175 U. S. 211 [20 Sup. Ct. Rep. 96; 44 L. Ed. 136] ; *Patterson* v. *Eudora,* 190 U. S. 174 [23 Sup. Ct. Rep. 821; 47 L. Ed. 1002] ; *Louisville & N. Ry.* v. *Mottley,* 219 U. S. 467 [31 Sup. Ct. Rep. 265; 55 L. Ed. 297; 34 L. R. A. (N. S.) 671] ; *State* v. *Boone,* 84 Ohio St. 346 [95 N. E. Rep. 924] ; *State* v. *Boone,* 85 Ohio St. 313 [97 N. E. Rep. 975; 39 L. R. A. (N. S.) 1019] ; *State* v. *Creamer,* 85 Ohio St. 349 [97 N. E. Rep. 602; 39 L. R. A. (N. S.) 694] ; *Philadelphia, B. & W. Ry.* v. *Schubert,* 224 U. S. 603 [56 L. Ed. 911].

Motions to direct verdict. *Dick* v. *Railway,* 38 Ohio St. 389; *Donegan* v. *Railway,* 165 Fed. Rep. 869 [91 C. C. A. 555].

Negligence in operating the defective car, *Pennsylvania Co.* v. *McCann,* 54 Ohio St. 10 [42 N., E. Rep. 768; 31 L. R. A. 651; 56 Am. St. Rep. 695]; *Columbus, H. V. & T. Ry.* v. *Erick,* 51 Ohio St. 146 [37 N. E. Rep. 128]; *Templeton* v. *Kraner,* 24 Ohio St. 554; *Cincinnati Trac. Co.* v. *Reick,* 18 Dec. 631 (5 O. L. R. 574); *Hesse* v. *Railway,* 58 Ohio St. 167 [50 N. E. Rep. 354]; *Patten* v. *Railway,* 179 U. S. 658 [21 Sup. Ct. Rep. 275; 45 L. Ed. 361].

## ALLREAD, J.

George W. Sheets as plaintiff brought suit and recovered judgment in the court of common pleas for personal injuries.

The amount claimed in the petition was $30,000 and a verdict was returned for the full amount.

Upon hearing of a motion for a new trial the court suggested a remittitur of $7,500. The remittitur was made, and thereupon the court refused a new trial and rendered judgment for the amount of the verdict so reduced. The cause is brought here by petition in error.

Sheets was an employe of the railway company, engaged as brakeman in interstate service, and on September 9, 1909, near Richmond, Indiana, while in the discharge of his duty, fell from a ladder on the end of a freight car and was run over by the cabin car, crushing both legs, and requiring amputation.

The negligence charged in the petition is the use and operation of a defective car.

The plaintiff below rests his cause of action upon the act of congress approved April 22, 1908, regulating railway employers' liability.

The railway company by special defense, sets forth Sheets' membership in the voluntary relief department of the railway company, and the receipt of benefits from the date of injury until the beginning of this suit in May, 1910. The membership began in April, 1906, and the contract provided that receipt of benefits should be held a waiver of a right of action for personal injuries.

The trial court sustained a demurrer to this defense and this ruling is assigned as error.

Railway v. Sheets.

The correctness of this ruling involves the construction and effect of the following section of the act of congress above referred to:

"Section 5. That any contract, rule, regulation or device whatsoever, the purpose and intent of which shall be to enable any common carrier to exempt itself from any liability created by this act shall to that extent be void; provided, that in any action brought against any such common carrier under or by virtue of any of the provisions of this act, such common carrier may set off therein any sum it has contributed or paid to any insurance or relief benefit or indemnity that may have been paid to the injured employe or the person entitled thereto on account of the injury or death for which said action was brought."

It is urged on behalf of the railway company that *P., C. C. & St. L. Ry.* v. *Cox*, 55 Ohio St. 497 [45 N. E. Rep. 641], rules the present case. The court there construed the state act of April 2, 1890 (87 O. L. 149), and held that the contract of the relief department was not within the statutory prohibition. The sum and substance of the decision is that the inhibition of that act went to the "contract, agreement" and "stipulation," while the effective bar of the action arose not from the contract, but from the voluntary election of remedies after the cause of action arose.

The act of congress has a much broader scope. It invalidates not only the contract, but any "rule, regulation or device whatsoever" intended to relieve the carrier from "any liability" created by the act.

The authority of *P., C. C. & St. L. Ry.* v. *Cox, supra,* is not, therefore, decisive of the construction of the more comprehensive terms of the act of congress.

The rule of public policy announced in the Cox case, as to compromise and settlement of causes of action, was laid down and applied in view of doubtful terms in the act under consideration, and should not be applied where the intent is clear, and especially is that true in the construction of an act of congress in harmony with the public policy announced by the Supreme Court of the United States. *Chicago, B. & Q. Ry.* v. *McGuire,* 219 U. S. 549 [31 Sup. Ct. Rep. 259; 55 L. Ed. 328].

Greene County Circuit.

The act of congress has been so construed in various cases in the federal courts. *Porter* v. *Railway*, 37 Wash. Law Rep. 466; *Goldenburg* v. *Railway*, 37 Wash. Law Rep. 2; *McNamara* v. *Railway*, 38 Wash. Law Rep. 343.

It is urged that the contract being prior to the act of congress the act can not operate *ex post facto*.

The answer to this contention is found in the case of *P., C. C. & St. L. Ry.* v. *Cox, supra*, holding that it was not the contract, but the election of remedies, that barred the action.

Both the cause of action and the receipt of benefits occurred after the enactment, and the act, therefore, controls as to the force and effect to be given to the receipt of benefits.

Moreover, the contract of membership is indefinite as to duration and depends upon continuation of employment and payment of dues. The contract has no higher status in respect to regulations thereafter adopted than the contract of employment itself.

When the act of congress was adopted, a rule of public policy was thereby established, and the continuation of the contract of employment and the receipt of dues thereafter must be held to have been done with reference to the public policy so established. *Pittsburg, C. C. & St. L. Ry.* v. *Lightheiser*, 168 Ind. 438 [78 N. E. Rep. 1033]; *Hamilton* v. *Railway*, 145 Ia. 431 [124 N. W. Rep. 363].

The Workman's Compensation act (102 O. L. 524), providing for a benefit fund contributed by both employer and employe in a proportion fixed therein and payable by election in lieu of an action for damages against the employer, does not affect the present action, because (1) the act of congress is superior to state regulation in cases of interstate service; (2) the act is subsequent to the cause of action here.

The demurrer to the second defense was, therefore, properly sustained.

The jurisdiction of the state courts to enforce the act of congress in an appropriate case is established by authority. Thornton, Employers' Liability Act Sec. 1058; cases cited.

It is insisted that there is no proof of notice to the company of the defect nor want of care in inspection.

The obvious character of the defect and the circumstances of its use may justify a presumption of notice. But aside from the question of express proof, we are of opinion that Sec. 9015, G. C., shifting the burden of proof upon the issue of notice to the railway company, being a mere rule of evidence should be accepted in the courts of this state, although the action is founded upon the act of congress and the cause of action arose in another state. *Pennsylvania Co.* v. *McCam,* 54 Ohio St. 10 [42 N. E. Rep. 768; 31 L. R. A. 651; 56 Am. St. Rep. 695].

The defect relied upon by plaintiff was a dent or crushing in of the steel sill upon the end of the car from which plaintiff fell. The sill formed the base of the ladder and was used in passing to and from the ladder and as the bottom step. The dent was deepest at or near the left stile and extended under the rungs a considerable portion of the way, was from two to three and a half inches deep according to different witnesses at the deepest point, and caused the upper surface of the sill to bulge upwardly.

In the amended petition the plaintiff claims in substance that while he was descending the ladder and while the train was in motion, the engine suddenly and without warning gave a quick and sudden jerk, causing his feet to slip off the rounds of the ladder, and, because of the defect in the sill or platform, to fall to the track and be injured. He avers that if the platform had been in proper condition it would have afforded protection and a foothold and prevented the fall. It is also averred that the defendant did not use reasonable and ordinary care in operating said defective car.

It was claimed that the defect was so shallow and so insignificant in extent as to have little or no effect in its use, and it is especially urged that the defect was not the proximate cause, and that if the sill had been perfect it could not have saved him from the fall.

It is insisted that the proximate connection between the alleged cause and the injury must be definitely and clearly established, and that a verdict and judgment should not be allowed to rest in conjecture, citing, *Cleveland, Term. & V. Ry.* v. *Marsh,* 63 Ohio St. 236 [58 N. E. Rep. 821; 52 L. R. A. 142] ; *Lake*

*Shore & M. S. Ry.* v. *Andrews*, 58 Ohio St. 426 [51 N. E. Rep. 26].

In the Andrews case, quoting from the syllabus, it is said:

"In the absence of direct evidence in its support, an allegation that one sustained injuries by reason of the negligence of the defendant is not sustained by proof of circumstances from which, the fact that his injuries were so sustained is not a more natural inference than any other."

Judge Shauck in the opinion says:

"Certainly an allegation of fact may be established by circumstantial evidence, but the circumstances to have that effect must be such as to make the fact alleged appear more probable than any other. The fact in issue must be the most natural inference from the facts proved."

This case merely restates the rule of circumstantial evidence, based upon the admitted facts in that case and the probable deductions to be drawn therefrom. See *Cleveland, C. & C. Ry.* v. *Crawford*, 24 Ohio St. 631 [15 Am. Rep. 633].

The question of fact, therefore, is, does the evidence here make it sufficiently probable that the defect was responsible for the injury?

The sill in its normal condition extended along the end of the car, about eight inches wide, and the outer edge about two and a half to three inches beyond the outside line of the rungs of the ladder. The cabin car had the usual platform and railing. There was an open space of two feet between the sill of the freight car and the platform of the cabin car. Through this space the plaintiff passed in his fall.

The circumstances of the plaintiff's descent and fall from the ladder are meager and lacking in detail. It may be safely assumed that Sheets was upon the second round from the bottom when he reached for and secured his lantern. From his testimony that he then "started to go further down" and that he "was just in the act of taking hold of the round of the ladder and started to take another step when the sudden jerk came," it is insisted by counsel for plaintiff that he had stepped down to the first round and was in the act of stepping to the base or sill. If this view be taken in connection with the character of the

Railway v. Sheets.

dent as shown by the witnesses for plaintiff, then the finding that the defect was the proximate cause would not be remote nor improbable.

The defendant, however, contends that from Sheets' own testimony and the admission of the petition, it appears that both feet were upon the round and by the jerk of the train slipped therefrom and that in the fall the only chance of a foothold would be the catching of the toes of the shoes upon the projecting part of the sill if it had been perfect.

Conceding the facts of this contention to be true a majority of the court are of the view that the jury may reasonably have found in harmony with plaintiff's contention, that there was a sufficient probability in favor of the defective sill being the proximate cause, and that a contrary view is not so manifest as to justify the court in overthrowing the verdict.

This case differs from both the Marsh and Andrews case in respect to issues involved.   In the Marsh and Andrews cases the quantity of evidence went to the question of negligence.   In this case the negligence is clearly established but the controversy is over the proof of proximate cause, and in the establishment of proximate cause no unusual weight of evidence should be required to facilitate the escape of the negligent party from the results of his negligence.

It was within the court's discretion to permit an inspection by the jury of the injured parts, and the failure of one juror to inspect both injured limbs is not prejudicial error.

The primary facts in respect to the injury should go to the jury and from them the jury applying common knowledge may find the probabilities.   The competency of opinion evidence depends upon its being directly applicable to the facts of the case and should carry some superior source of knowledge to that of the ordinary jury.   A careful analysis of the opinion evidence and the foundation laid therefore justified the exclusion.   The fact that the company's agent, Monroe, went to Sheets to endeavor to effect a compromise was brought out in cross-examination and was properly admitted as reflecting upon the probability of his testimony as to Sheets' admissions.   It was, therefore, a subject of comment by counsel.   Still   the inference

drawn by counsel that it was an admission of liability was improper. The instruction of the court to disregard the argument in this respect cured the error.

The charge of the court taken as a whole was a fair and full exposition of the law and free from prejudicial error.

The verdict for $30,000, was, however, grossly excessive. It is by far larger than any we have met with in the entire circuit. We do not underestimate the injuries, including the pain and suffering. But, it must be remembered that this was not a wilful injury nor was there gross or wanton negligence. The question of liability for ordinary negligence is close, and is sustained by a majority only of the court. It is, therefore, a case for compensation only. The compensation too, under the act of congress, is subject to mitigation for contributory negligence.

The plaintiff's wages averaged sixty to sixty-five dollars per month. The record does not disclose his age, but we have made the estimate on the basis of twenty-five years. Assuming the wage loss to be total, the present worth of annuity affording that income during the balance of his life, based upon annuity tables at 5 per cent would be $6,400, and allowing for usual promotion would hardly exceed $10,000. The wage loss is, however, not total, and a proper deduction may be made from that to compensate for the amount he is capable of earning in his present physical condition. In addition, however, to compensation for loss of wages, the plaintiff is entitled to compensation for pain and suffering. This amount is always difficult to determine and within proper limitations should be left to the jury. We can not, however, reconcile the total amount returned upon any reasonable calculation or basis of compensation, yet the majority of the court are of the opinion that it does not necessarily appear that the amount of the verdict is the result of passion and prejudice on the part of the jury.

The trial court ordered a remittitur of $7,500, and we are of the opinion that a still further remittitur of $8,500 should be entered, leaving the sum of $14,000. If the plaintiff desires to enter this remittitur the judgment for the amount so reduced will be affirmed; otherwise the judgment will be reversed and the case remanded for a new trial.

Railway v. Sheets.

**DUSTIN, J.** (dissenting).

In my view the facts of this case entirely preclude recovery on the part of Sheets.

According to this own testimony, he was climbing down the ladder on the rear end of a moving freight car, and had reached for and seized his lantern which he had left on the top of the car, when a sudden jerk of the train threw him off the ladder; he fell to the ground and was run over by the following car. In falling, he touched nothing but the draw-bar.

It appears, mathematically, that at the time he was jarred from his position, his feet could not have been on a lower rung then the second from the bottom, being thirty-four inches from the sill. It appears also that the sill complained of, where not indented, does not extend over 2 1-4 inches beyond the face of the rungs.

The claim of counsel (alluded to in the majority opinion) that Sheets was stepping from the last rung to the sill is wholly unsupported. I think, by the evidence, the measurements of the man and the ladder entirely disprove it.

To me it is inconceivable that a man falling from the second rung, while the train was moving forward, could have caught himself on the tips of his toes, on the sill, even if the latter were in perfect condition. As it was, the evidence shows that the sill was only indented for 3 1-2 inches from the left side. It was perfect throughout the remainder of the width of the ladder. Under any conditions the left foot only would have had a narrower sill on which to alight. The right foot would have caught the full width.

But, to have the full width of 2 1-4 inches on which to catch himself and put his toes, Sheets must have fallen perpendicularly with mathematical exactness, like a plummet, from the edge of the second rung, after the jar and while the train was in motion. The jar must have been sufficient to take him to the edge of the rung and no farther, giving no more momentum to his body; and no allowance made for the action of the train. It seems to me impossible. I can not believe that there is a gymnast in the world who could accomplish the feat in the daytime. Anyhow, it is the height of improbability.

Greene County Circuit.

The cause of the injury must be attributed to the greater. not the lesser, probability. *Cleveland, Term. & V. Ry.* v. *Andrews, supra.*

But, what right has Sheets, under the circumstances, to complain? He was not using or attempting to use the sill for the purpose for which it was constructed, viz., as a step to or from the ladder. It was not built to catch falling bodies. And it is of its insufficiency only as a safety platform in case of a fall that he complains.

If he had gone to the bottom of the ladder, and loosened his hold above, expecting to find a sill of the usual width, and not finding it, injury had resulted, his case would have been far different. Under the circumstances I think the defect in the sill can not be held to be the proximate cause of the injury.

The verdict itself shows that the jury was governed by passion and prejudice. The sum of $30,000 was entirely unreasonable. The trial court cut it $7,500 and the majority of this court has taken off $8,500 more.

Sheets is not helpless. He is able to earn money in other occupations.

Under the authority of *Pendleton Street Ry.* v. *Rahmann,* 22 Ohio St. 446, the court should have set aside the verdict absolutely.

**Ferneding, J.,** concurs.